UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **3:CR-22-263** |
| **HECTOR ALVAREZ,** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

### MEMORANDUM

Pending before the court is the defendant's motion to dismiss the indictment filed against him for violations of the Speedy Trial Act and the Sixth Amendment. (Doc. 72). Upon review, the defendant's motion will be **DENIED.**

On July 26, 2022, a federal indictment was filed against the defendant charging him with possession with intent to distribute methamphetamine, fentanyl, cocaine base (crack) and cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). (Doc. 1). The charge is a federal adoption of a state prosecution in which the defendant was arrested on February 3, 2022, in Luzerne County, Pennsylvania. The defendant appeared for an initial appearance and arraignment on the federal indictment on September 28, 2022. At that time, the defendant entered a plea of not guilty and was detained pending further proceedings. (Docs. 11-16). In addition, an order

was entered on that date setting jury selection and trial for November 28, 2022, before the undersigned. (Doc. 17).

On September 19, 2023, a superseding indictment was filed against the defendant. (Doc. 60). The defendant appeared at an initial appearance and arraignment on October 4, 2023, at which he again entered a not guilty plea. (Doc. 65, 66).

In the meantime, the defendant filed numerous motions, including motions for extensions of time to file pre-trial motions and motions *in limine* (Doc. 21, 24), a motion to suppress (Doc. 26), motions for extensions of time to file briefs in support of his pre-trial motions (Doc. 28, 34, 42), motions to continue the final pre-trial conference (Doc. 30, 32), a motion to continue the evidentiary hearing on his pre-trial motions and the trial (Doc. 45), and a motion for extension of time to file post-evidentiary hearing briefs (Doc. 56).

By way of the instant motion, the defendant now moves to dismiss the charges brought in the indictment against him under 18 U.S.C. §3161(c)(1)[1]

---

[1] Title 18 U.S.C. §3161(c)(1) provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

2

arguing a violation of the Speedy Trial Act. (Doc. 72). In so moving, the defendant argues that the government acted intentionally by colluding with state court detectives to delay the prosecution of this matter so that the Speedy Trial Act time did not run against the government. In fact, the defendant argues that the prosecution brought in state court was a complete sham with the DEA controlling the case from its beginning. According to the defendant, a period of 238 days passed from February 3, 2022, when he was arrested on the state court charges, through September 28, 2022, when he had his initial appearance and arraignment on the federal indictment. The defendant argues this period of time is not excludable under the Speedy Trial Act and warrants dismissal of the charges against him under the "ruse exception."[2]

Although the defendant argued vigorously in both his supporting and reply brief that there is a ruse exception to the Speedy Trial Act and that

---

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

[2] The defendant also argues that the indictment against him must be dismissed with prejudice (as opposed to without prejudice) based upon the factors set forth in 18 U.S.C. §3162(a)(2). In light of the fact that the court finds the defendant is not entitled to dismissal of the indictment, the court need not reach the issue of whether dismissal is with or without prejudice.

3

such an exception applies in his case, on July 9, 2024, the United States Court of Appeals for the Third Circuit handed down its precedential decision in *United States v. Hopkins*, 2024 WL 3335490 (3d Cir. July 9, 2024), in which it held that there is no ruse exception to the Speedy Trial Act. The defendant disagrees with the *Hopkins* decision, but cannot deny that the decision leaves meritless his arguments that there is a ruse exception to the Speedy Trial Act and that the ruse exception applies in his case. His motion to dismiss the indictment for violation of the Speedy Trial Act will be denied on this basis.

      The defendant also argues in his motion that the charges against him must be dismissed due to a violation of the Sixth Amendment. The Sixth Amendment states, in pertinent part, that "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial[.]" U.S. CONST. amend. VI. In considering whether there has been a violation of the Sixth Amendment right to a speedy trial, the court must consider: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). All factors must be considered and weighed as no one factor is dispositive or "talismanic." *Id*. at 533.

The first factor, length of delay, actually involves two inquiries. In order to warrant a full speedy trial analysis, the defendant must first show that the time between accusation and trial has crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (internal citations omitted). If the defendant makes this showing, the court must then consider the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Id.* As to the latter inquiry, the presumption that pretrial delay has prejudiced the accused intensifies over time.

"Presumptive prejudice" only "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id*. at 652 n.1. While the Supreme Court has found that a delay of 8.5 years is sufficient to trigger this review, *Id.* at 652, the Third Circuit has held that a delay of as little as "fourteen months is sufficient to trigger review of the remaining *Barker* factors," *United States v. Claxton*, 766 F.3d 280, 294 (3d Cir. 2014) (quoting *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009)).

In the defendant's case, the delay between the federal indictment on July 26, 2022, and the date of the filing of his motion on May 14, 2024, was approximately twenty-one months and two weeks – beyond the fourteen

5

month threshold set by the Third Circuit to trigger the *Barker* enquiry. With respect to the second aspect of the consideration of the length of delay, i.e., whether the extent of the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim, while the defendant argues the delay in his case is presumptively prejudicial, he does not present any argument as to how the extent of the delay goes beyond the bare minimum needed to trigger judicial examination of the claim. Thus, this *Barker* factor does not weigh in favor of the defendant, especially when considering the second factor, i.e., reason for the delay, with which it is closely entwined.

As to the second *Barker* factor, the reason for the delay, while the government bears the burden of justifying the delay in bringing a defendant to trial, *United States v. Green*, 471 F.Supp.3d 577, 596 (M.D.Pa. 2020) (citation omitted), delay caused by the defense weighs against the defendant, *United States v. Battis*, 589 F.3d at 680.

Other than his assertion of the ruse exception, which was previously discussed and dismissed, the defendant makes no particular assertion that the government's actions actually caused excessive delay in this matter.[3]

---

[3] The court notes that, in relation to the instant motion, the defendant takes issue with the timing of the government's production of certain discovery materials including jailhouse recordings and cellular phone extractions. Specifically, the defendant argues that, while the government

In reviewing the docket, the court notes that twelve motions for extensions of time and continuances have been filed thus far contributing to a delay in setting a trial date in this matter. Only two of those motions were filed by the government, which amounted to a total delay of twenty-eight days. The remaining ten motions for extensions of time and requests for continuances were filed by the defendant and constitute a vast majority of the delay in this case. In addition, prior to the filing of the instant motion, the defendant filed a motion to suppress which is under the court's consideration. Considering that a vast majority of the pre-trial motions, including motions for extensions of time and continuances have been filed by the defendant,

---

had these materials in its possession since February and March of 2022, it did not produce them until after the instant motion was filed in May of 2024. The defendant argues that he was prejudiced by the delayed production of this discovery because he was not afforded the opportunity to address the substance of the materials by way of pre-trial motions and that it is due to the government's lack of due diligence that his case remains outstanding. He further speculates that other discovery may exist which was not produced and requests a hearing to flush out this information.
     As to this argument, there is no indication that the timing of the production of these materials caused any delay of the trial in this matter which is the basis upon which the defendant brings the instant motion. In fact, as the court discusses herein, the vast majority of the delay in this matter has been the result of the defendant's filing of motions, including a number of motions for extensions of time and continuances. As a result, a trial date has yet to be set in this matter. Because there is no trial date set and the defendant has not shown any prejudice as a result of the delay in production of the materials, the court finds his argument to be without merit.

the court finds this factor weighs against the defendant and in favor of the government.

As to the third factor, the defendant's assertion of his right to a speedy trial, "[t]he point at which the defendant asserts his right is important because it may reflect the seriousness of the personal prejudice he is experiencing," *Green*, 471 F.Supp.3d at 598 (internal quotations and citations omitted). "To the extent that promptness in asserting the right is important, then [a defendant's] silence . . . works against him because it suggests that any hardships he suffered were either minimal or caused by other factors." *Id.* at 599 (citation omitted).

The instant motion is the first motion in which the defendant has claimed a speedy trial violation. Although the defendant argues that he asserted his right to a speedy trial promptly after he became aware that his speedy trial rights were violated, if the court were to accept the defendant's argument in his brief related to the Speedy Trial Act (which it does not), he argues that his speedy trial rights were violated when he was not brought to trial on October 3, 2022 (Doc. 74, p. 6). Given the fact that the defendant is just now asserting his speedy trial rights, and given the defendant's own actions in continually seeking extensions of time and continuances in this

matter, the court finds that this factor weighs against the defendant and in favor of the government.

Finally, the court considers whether the defendant has suffered any prejudice as a result of the delay. The burden of showing prejudice lies with the defendant. *Green*, 471 F.Supp.3d at 599 (citation omitted). The Supreme Court has identified "three types of harm that arise from unreasonable delay between formal accusation and trial: (1) 'oppressive pretrial incarceration;' (2) 'anxiety and concern of the accused;' and (3) 'the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence'." *Claxton*, 766 F.3d at 296 (quoting *Doggett*, 505 U.S. at 654). While excessive delay can lead to a presumption of prejudice, "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria . . . it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett*, 505 U.S. at 655-56.

A defendant can establish prejudice in two ways, "[f]irst, he can make a specific showing that he was subject to 'oppressive pretrial incarceration,' that he suffered 'anxiety and concern' about the impending trial, or that his defense was impaired as a result of the delay", and "[s]econd, a defendant can claim prejudice without providing 'affirmative proof of particularized

prejudice' based on 'excessive delay [which] presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.'" *U.S. v. Williams*, 2021 WL 278306, *16 (M.D.Pa. Jan. 27, 2021) (internal citations omitted).

 Here, without more, the defendant states that he has been subjected to severely oppressive pretrial incarceration. The determination of whether incarceration is "oppressive" takes into account the "conditions of confinement." *Hakeem v. Beyer*, 990 F.2d 750, 761 (3d Cir. 1993). "[P]roof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment is necessary in order to establish prejudice due to oppressive pre-trial incarceration." *Id.* The defendant cites to nothing to show proof of substandard conditions or other oppressive factors beyond those that necessarily attend imprisonment. As such, no specific prejudice has been demonstrated.

 Next, the defendant argues that the anxiety and concern is obvious under the circumstances since he has been denied pretrial release, is unsure what, if any, discovery has been withheld from him, and what other discovery remains outstanding. As to these assertions, the Third Circuit has stated,

> [v]ague allegations of anxiety are insufficient to state a cognizable claim. In *United States v. Dreyer*, 533 F.2d 112 (3d Cir. 1976), we held that a defendant must show that his anxiety extended beyond that which "is inevitable in a criminal case." *Id*. at 116. In order to reach that level, the petitioner must produce evidence of psychic injury. *See id.* at 115-16.

*United States v. Green*, 471 F. Supp. 3d 577, 601 (M.D. Pa. 2020) (quoting *Hakeem*, 990 F.2d at 762). The defendant has produced no evidence of psychic injury and, as a result, also fails to meet his burden of specific prejudice as to this factor.

Finally, the defendant generally argues that it is highly possible that his defense has been impaired because of the delay. He provides that he doesn't know what evidence, witnesses, and/or testimony have been lost by the passage of time, and he remains in the dark about what evidence, if any, exists that has not yet been produced.

"To establish that his defense was specifically prejudiced by the delay, a defendant cannot rely on general allegations." *Williams*, 2021 WL 278306, *17. (citation omitted). "Speculative and conclusory assertions cannot satisfy a defendant's burden of showing specific prejudice due to impairment of his defense: where there has been the recognition of 'the possibility of impairment of a fair trial that may well result from the absence or loss of memory of witnesses in this case[,] . . . [t]hat possibility of

11

prejudice is not sufficient to support [the defendant's] position that their speedy trial rights were violated." *Id.* (citation omitted).

Here, the defendant's speculation regarding the impact of the delay in bringing him to trial is insufficient to establish specific prejudice. Moreover, as previously discussed, the vast majority of the delay in bringing the defendant to trial is attributable to the defendant himself and goes against a finding of prejudice.

As to the "presumption of prejudice," i.e., that "the delay was long enough to presume that the defendant's trial would be compromised and he would be prejudiced by the delay," in *United States v. Shaw*, 891 F.3d 441, 455 (3d Cir. 2018), the Third Circuit assumed *arguendo* that [a delay of] twenty-seven months could be sufficient to find presumptive prejudice." *Williams*, 2021 WL 278306, *17. However, the delay in this case is less than those held to be presumptively prejudicial. Moreover, even if the delay in this case could be considered presumptively prejudicial, the court must address "whether the presumption is mitigated by a showing that Defendant acquiesced in the delay or by the Government's affirmative proof that Defendant's ability to defendant himself is unimpaired." *Id.* (citation omitted). Here again, the defendant's own actions have resulted in a substantial portion of the delay in bringing him to trial.

Considering the balance of the *Barker* factors, the court finds that the defendant's Sixth Amendment speedy trial right has not been violated. As such, the defendant's motion to dismiss the indictment will be denied on this basis as well.

In light of the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 6, 2024**
22-263-02